**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.F.-1**

**No. 20-0776** (Jackson County 19-JA-73)

**MEMORANDUM DECISION**

Petitioner Father B.F.-2, by counsel Marc Moore, appeals the Circuit Court of Jackson County's August 31, 2020, order terminating his parental and custodial rights to B.F.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental and custodial rights rather than extending his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that the mother exposed B.F.-1 and her two older children, B.B. and M.B., to domestic violence and her substance abuse.[2] According to the DHHR, B.B. disclosed to personnel at his elementary school

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as the child and petitioner share the same initials, we refer to them as B.F.-1 and B.F.-2 respectively, throughout this memorandum decision.

[2]Petitioner is not the biological father of B.B. and M.B., and he claims no custodial rights over these children. Therefore, they are not at issue in this appeal.

that his step-grandfather "chokes him around the neck and pushes him against the wall." B.B. also disclosed that his step-grandfather "chokes him almost daily if [the child] does not listen" and that B.B. was carried through the house by his neck on one occasion. Further, B.B. disclosed that he told his mother about these events, and she told him not to tell anyone. The DHHR alleged that petitioner failed to protect B.F.-1 from the neglect in his mother's home and that he too abused controlled substances, which negatively affected his ability to parent his child. Petitioner waived his preliminary hearing.

Petitioner stipulated to the allegations of abuse and neglect in November of 2019, and the circuit court adjudicated him as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance. The court ordered that the parties convene for a multidisciplinary treatment ("MDT") meeting and that the DHHR prepare a family case plan. The circuit court further ordered petitioner to participate in a parental fitness evaluation. The circuit court later granted petitioner's motion for a post-adjudicatory improvement period in December of 2019. In April of 2020, the circuit court found that petitioner was compliant in the terms of his improvement period and continued his improvement period without objection.

The circuit court held a dispositional hearing in July of 2020 and heard testimony from a DHHR worker, petitioner, and the mother. The circuit court continued the hearing to allow for additional testimony. Later, by agreed order, the circuit court cancelled the continued hearing. The parties agreed that all relevant evidence, with the exception of a report from petitioner's parenting class provider, had been presented to the circuit court. The parties further agreed that the report could be submitted as evidence to the court without further proceedings.

In August of 2020, the circuit court entered the final dispositional order terminating petitioner's parental rights to the child. In support, the circuit court found that petitioner agreed to participate in random drug screening, a substance abuse evaluation, individual parenting classes, adult life skills classes, and visitation with the child as terms of his improvement period. Petitioner was also required to obtain suitable housing and gainful employment. The court found that petitioner "did not comply with services at the outset of his improvement period, resulting in a non[]compliance letter being sent to [petitioner]." Further, the court found that as of May 19, 2020, petitioner "had fifteen consecutive 'no-call/no-shows' at Day Report," which prompted a second noncompliance letter. Due to petitioner's noncompliance with drug screening, petitioner had no face-to-face visitation with B.F.-1, but he could participate in phone calls. However, despite this allowance, the court found that petitioner "does go times without communicating or getting to speak with [B.F.-1]," which was "hard" on the child. Petitioner had not spoken with B.F.-1 since "the early part of June 2020."

The court also found that petitioner had not completed a substance abuse evaluation or obtained gainful employment but had obtained a one-bedroom apartment as housing. Notably, although petitioner missed several services and appointments due to an alleged lack of consistent transportation, he also testified that he consistently attended a suboxone treatment program and did not miss any related appointments. The circuit court concluded that petitioner had not "substantially complied" with the terms of his improvement period such that an extension was warranted. Ultimately, it found that there was no reasonable likelihood that the conditions of

abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental and custodial rights was necessary for the welfare of the child. Petitioner now appeals the circuit court's August 31, 2020, order terminating his parental and custodial rights to B.F.-1.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred when it declined to extend his improvement period. He emphasizes the DHHR's acknowledgment that he had fully complied with services at his initial review in April of 2020 as proof that he substantially complied with the terms of his improvement period and that an extension was warranted. Upon our review, petitioner is entitled to no relief on appeal.

West Virginia Code § 49-4-610(6) governs extensions to improvement periods and provides that

> [a] court may extend any improvement period . . . for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child[ren].

---

[3]The mother's parental and custodial rights were also terminated below. We affirmed the circuit court's order in regard to the mother on April 20, 2020. *See In re M.B., B.B., and B.F.*, No. 20-0777, 2021 WL 1550847 (W. Va. Apr. 20, 2021)(memorandum decision). According to the parties, the permanency plan for B.F.-1 is adoption by relatives.

*See also* Syl. Pt. 7, *In re Isaiah A.*, 228 W. Va. 176, 718 S.E.2d 775 (2010) (holding that the circuit court must make the findings specified in West Virginia Code § 49-4-610(6) prior to granting an extension of an improvement period).

Here, the circuit court did not err in denying petitioner's motion for an extension of his improvement period due to his failure to substantially comply with the terms and conditions of that improvement period. "When any improvement period is granted to a [parent] . . . the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4). As found by the circuit court, petitioner failed to complete a substance abuse evaluation, failed to consistently drug screen, and failed to consistently participate in parenting classes. Additionally, petitioner failed to consistently exercise phone visitation with B.F.-1, which was found to be difficult on the child. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Based on petitioner's failure to meet these terms of his improvement period, the circuit court did not abuse its discretion in concluding that petitioner had not "substantially complied" with the terms of his improvement period.

Furthermore, West Virginia Code § 49-4-610(9) provides that

no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

In August of 2020, when the circuit court issued its final decision, B.F.-1 and his siblings had already been in foster care since May of 2019. The circuit court considered this statutory requirement and did not find compelling circumstances existed to extend the time limits for improvement periods. Accordingly, we find no error in the circuit court denying petitioner's motion for an extension of his improvement period.

Additionally, we note that petitioner assigns error to the circuit court's termination of his parental and custodial rights. However, petitioner's brief on appeal is inadequate in regard to this assignment, both in terms of complying with this Court's rules and in terms of attempting to establish this alleged error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle him to relief, which is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[4] As this Court has held, "[a] skeletal 'argument,' really

---

[4]Rule 10(c)(7) provides as follows:

(continued . . . )

4

nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted).

Even more critically, petitioner fails to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner is precluded from any relief on appeal by failing to identify any alleged error on the part of the circuit court in imposing termination of his parental and custodial rights. Nevertheless, upon our review of the facts outlined above, we find that the circuit court had ample evidence upon which to base findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental and custodial rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting his position is fatal to his claim, and we find that he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 31, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: October 6, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.